(106 So. 740)

No. 25625.

## Sidney T. HOLMES v. Achille BURG.

(Jan. 4, 1926.)

Appeal from Civil District Court, Parish of Orleans; Percy Saint, Judge.

George F. Bartley, of New Orleans, for appellant.

Lazarus, Weil & Lazarus, of New Orleans, for appellee.

BRUNOT, J. Plaintiff was the owner of the "Holmes Bottling Works." He sold the business as a going concern to the defendant for $3,000. Defendant paid $300 of the purchase price, in cash, took possession of the concern, and agreed to pay the balance of the purchase price when the document evidencing the transfer of the property was prepared and signed. Defendant defaulted in the payment of the $2,700, and the plaintiff sued for that amount. From a judgment in favor of plaintiff for the sum prayed for, with legal interest thereon and costs, the defendant applied for and obtained a suspensive appeal to this court, conditioned upon his giving bond with solvent surety in the sum of $4,800, and upon otherwise complying with the requirements of law.

The plaintiff died the day before the rendition of the judgment in his favor, and Mrs. Josephine M. Holmes, testamentary executrix of the succession of Sidney T. Holmes, deceased, was made party plaintiff in the suit. Subsequently, Mrs. Josephine M. Holmes, testamentary executrix of the succession of Sidney T. Holmes, deceased, ruled the defendant into court to show cause why the appeal taken in the case should not be dismissed. The rule was regularly taken. up and tried, and the following judgment was rendered:

"It is ordered, adjudged, and decreed that the rule herein taken, on November 28, 1923, to dismiss the appeal herein taken by Achille J. Burg, on the 10th day of August, 1922, be and same is hereby made absolute and said appeal is dismissed."

Plaintiff has filed a motion in this court directing our attention to the facts stated, together with a certified copy of the judgment of the civil district court dismissing defendant's appeal, and suggesting that the appeal now lodged in this court should be dismissed. It is evident from the record that the appeal was dismissed because of the insolvency of the bondsman.

It is therefore ordered that the appeal in this case be dismissed, at appellant's cost.